# EXHIBIT A

 **CT Corporation**

**TO:** Lesley Bark, Senior Attorney
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

**RE:** **Process Served in Missouri**

**FOR:** IBM Corporation  (Cross Ref Name)  (Domestic State: NY)
International Business Machines Corporation (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DAWN HUGHES, PLTF. vs. International Business Machines, ETC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 20BACV03858 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2020 at 09:56 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2020, Expected Purge Date: 12/26/2020 |
| | Image SOP |
| | Email Notification,  Nancy Johnson  najohns@us.ibm.com |
| | Email Notification,  Angela Golfo  agolfo@us.ibm.com |
| | Email Notification,  Lesley Bark  bark@us.ibm.com |
| | Email Notification,  Carolann Wilson  carolann@us.ibm.com |
| | Email Notification,  Vanessa Downey  vdvaness@us.ibm.com |
| | Email Notification,  Jim Johnson  jimjohn@us.ibm.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 120 South Central Avenue Clayton, MO 63105 |
| | 800-448-5350 MajorAccountTeam1@wolterskluwer.com |

CT Corporation

**TO:**    Lesley Bark, Senior Attorney
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

**RE:**    **Process Served in Missouri**

**FOR:**    IBM Corporation  (Cross Ref Name)  (Domestic State: NY)
International Business Machines Corporation (True Name)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Dec 21, 2020

**Server Name:**                 Drop Service

Entity Served                   IBM

Agent Name

Case Number                   20BACV03858

Jurisdiction                    MO



 **IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI**

 *Service*

| Judge or Division:<br>J. HASBROUCK JACOBS | Case Number: 20BA-CV03858 |
|---|---|
| Plaintiff/Petitioner:<br>DAWN HUGHES | Plaintiff's/Petitioner's Attorney/Address<br>RACHEL CATHERINE RUTTER<br>612 SOUTHWEST 3RD STREET<br>SUITE D |
| vs. | LEES SUMMIT, MO 64063 |
| Defendant/Respondent:<br>IBM | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: IBM**

**Alias:** *CT CORP PER PETITION*
*120 S. Central Ave*
*St. Louis, MO 63105*

**2810 LEMONE INDUSTRIAL BLVD**
**COLUMBIA, MO 65201**

**COURT SEAL OF**

**BOONE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 11/24/2020 | /s/ K. Chamberlin |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____     _____
Date            Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | **BCS SERVICE FEE PAID** |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 2:21-cv-04008-NKL · Document 1-1 · Filed 01/20/21 · Page 5 of 22

## IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

| | | |
|---|---|---|
| **DAWN HUGHES** | ) | |
| 1301 Campus View Drive #245 | ) | |
| Columbia, MO 65201 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| **International Business Machines** | ) | |
| **d/b/a/ IBM** | ) | **JURY TRIAL DEMANDED** |
| 2810 Lemons Industrial Blvd | ) | |
| Columbia, MO 65201 | ) | Service by St. Louis County Sheriff |
| **Serve: Registered Agent** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

Plaintiff, Dawn Hughes , by and through undersigned counsel states the following as her

Petition for Damages:

1.      Plaintiff was at all relevant times herein, an individual residing in Columbia,

Boone County, Missouri.

2.      Defendant IBM is a foreign for-profit corporation, with a principal place of

business located at 2810 Lemone Industrial Boulevard, Columbia, Missouri 65201.

3.      At all times relevant herein, Plaintiff was employed and worked at Defendant's

2810 Lemone Industrial Boulevard, Columbia, Missouri 65201 location.

4.      At all times relevant herein, Defendant had more than six (6) employees.

5. At all times relevant herein, Defendant was Plaintiff's employer as defined by, and within the meaning of, the Missouri Human Rights Act ("MHRA" ), Mo. Rev. Stat. § 213.070(7).

## JURISDICTIONAL INFORMATION

6. Plaintiff's causes of action are filed against Defendant pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.*

7. On or about April 24, 2020, Plaintiff timely filed an amended *Charge of Discrimination* with the Missouri Commission of Human Rights ("MCHR") in which she asserted claims of discrimination based on sex/gender, age, retaliation and hostile work environment and complained of ongoing and continuous actions by Defendant. This Charge of Discrimination dates back to her originally Charge of Discrimination, filed pro-se with the Missouri Commission on Human Rights.

9. The *Charges of Discrimination* filed with the MCHR allege that Defendant engaged in discriminatory actions that are being raised in this lawsuit or, alternatively, alleged conduct within the scope of the administrative investigation which could reasonably be expected to grow out of the Charge of Discrimination.

10. On or about August 26, 2020, the MCHR issued to Plaintiff a Notice of Right to Sue on all allegations contained within Plaintiff's April 24, 2020 Charge of Discrimination. This Petition is being filed within 90 days of the issuance of said Notice of Right to Sue.

11. Pursuant to Mo. Rev. Stat. §§ 213.111.1, venue is appropriate in this Court because the discriminatory conduct alleged herein took place in Boone County, Missouri,

12. Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures and remedies with respect to her Charge of

Discrimination and this lawsuit for discrimination, harassment, hostile work environment and retaliation prior to instituting this lawsuit in.

## FACTS COMMON TO ALL COUNTS

13.  At all times relevant herein, Plaintiff was an employee of Defendant IBM located at 2810 Lemone Industrial Boulevard, Columbia, MO 65201.

14.  Upon information and belief, IBM has allowed, harbored and perpetrated a company wide pattern and practice of age discrimination, retaliation and a hostile environment in its workplaces.

15.  Plaintiff began her employment with Defendant in or around February 25. 2019.

16.  At all relevant times, Plaintiff was employed by Defendant in the position of Mainframe System Administrator Apprentice ("apprentice").

17.  Plaintiff is a female, and is therefore a member of a protected class pursuant to the Missouri Human Rights Act.

18.  Plaintiff, born on November 24, 1964, is over the age of 40 years, but younger than the age of 70 and is therefore a member of a protected class pursuant to the Missouri Human Rights Act.

19.  At all times relevant herein, Plaintiff was supervised by Keith Porting (male).

20.  Immediately after Plaintiff started her employment with Defendant, she began being harassed by her younger co-workers. The harassment that Plaintiff received from her younger co-workers includes but is not limited to :

    a.  being physically threatened by a substantially younger co-worker named Jalanda James;

3

b.     being called a "crazy bitch";

c.     being excluded from group projects, which kept her from receiving on the job training she desperately needed as an apprentice;

d.     being falsely accused by Jalanda James of cussing out her co-workers and;

e.     That Plaintiff drove her personal vehicle dangerously.

21.     Many of these false accusations and threatening behaviors perpetrated by Jalanda James were done so directly in front of Plaintiff's manager, Keith Porting.

22.     Despite witnessing and having actual knowledge of this discriminatory behavior, Keith Porting repeatedly failed to protect Plaintiff from said behavior.

23.     On several occasions, Plaintiff witnessed several work place conversations between two co-workers, Tricia McCoy and Scott King. She perceived these conversations to be inappropriate, and believed in good faith that these conversations violated IBM's workplace code of conduct. These conversations also made Plaintiff uncomfortable.

24.     On or about March 24, 2019, Plaintiff was subjected to aggressive and threatening behavior by her substantially younger co-worker Christina Crowson. Specifically, Crowson was telling other employees that Plaintiff was a "bitch", had "white privilege" and that she would be helping assist every apprentice except for Plaintiff.

25.     Plaintiff reported this behavior to Keith Porting. She told him that he believed she was being treated differently based on her age, and Plaintiff asked that her desk be moved so she could escape the hostile and aggressive behavior.

26.     Keith Porting refused to move Plaintiff and told Plaintiff that, "you could ruin lives with accusations."

4

27.     In this same conversation, Plaintiff reported to Keith Porting that the conversations occurring between Tricia McCoy and Scott King were making her uncomfortable, and she believed them to be inappropriate for the workplace. Keith Porting directed Plaintiff not to say anything else about McCoy and King.

28.     On or about March 16, 2019, only two (2) days after Plaintiff spoke to Porting, Plaintiff witnessed King and Porting leave the office building, together, for about forty-five (45) minutes, and when King arrived back in to the building, he was visibly irritated, stomped past Plaintiff's desk, and glared at Plaintiff while stomping past her desk.

29.     On or about March 30, 2019, Plaintiff reported to Human Resources that Jalanda James was threatening, harassing and treating Plaintiff in a hostile manner. Among Plaintiff's reports was that Jalanda James was telling Plaintiff's supervisor that she is "crazy," and told Plaintiff, "you better not f*** up my chances at a good job and you keep my name out of your long ass meetings with management."

30.     On or about April 15, 2019, during a bootcamp session, Plaintiff's substantially younger co-worker Christina Crowson, jumped out of her seat, began screaming at Plaintiff and told Plaintiff that she was "sick of her shit."

31.     When Plaintiff attempted to leave the room, she was blocked from leaving the room by Sabrina (last name unknown), and when Plaintiff attempted to walk past Sabrina, Plaintiff was physically shoved backwards by Sabrina.

32.     Plaintiff reported this behavior to Keith Porting and told him that she wanted to file a formal human resources complaint about the discrimination, harassment, hostility and violence she was being subjected to. Porting assured Plaintiff "he would take care of it."

5

33. Upon information and belief, Porting never investigated and/or or reported Plaintiff's complaint to human resources for it to be investigated.

34. Upon information and belief, Jalanda James and other younger apprentices spread a rumor among the workplace that Plaintiff was a "bitch", a "bad person" and that Plaintiff reported Scott King to human resources for having an affair with Tricia McCoy.

35. Plaintiff never made such a report.

36. On or about May 2, 2019, Plaintiff reported to Scott King that employees were discussing a rumor that he was having a workplace affair. Plaintiff assured Scott King that she did not participate in spreading this rumor.

37. In this same conversation, Plaintiff told Scott King that she felt harassed/discriminated based on her age, and felt that she was being subjected to a hostile work environment.

38. Shortly thereafter, Plaintiff as disciplined by Scott King and Rebecca Culleton for "disrupting the classroom."

39. Upon information and belief, Plaintiff's substantially younger co-workers were not disciplined, despite the audacity and aggression in their behavior.

40. On July 15, 2019, Plaintiff was reported to have failed the Z/OS bootcamp class because she didn't finish her last lab. Plaintiff was forced to take the lab all over again, and was denied the raise that all of her similarly situated, substantially younger co-workers received.

41. Plaintiff was reported to management for "asking too many questions during lab" and "wanted special help" during training by John Coleman. John Coleman is friends with Tricia McCoy.

6

42.     Upon information and belief, one of Plaintiff's younger co-workers did not finish the same lab, he was not forced to retake the class, and he was given a raise.

43.     On or about July 16, 2019, Plaintiff was told by her substantially younger group members that she was only allowed in the program because "Keith had numbers to make."

44.     On or about July 20, 2019, Plaintiff began the second Bootcamp class (the class she was forced to retake).

45.     The teacher, Jo Gladney, repeatedly told Plaintiff to stop asking questions and told Plaintiff to "accept that she just wasn't getting it."

46.     Jo Gladney was demeaning and dismissive the entirety of the Bootcamp, but only towards Plaintiff.

47.     Plaintiff was ultimately issued a failing grade for the second Bootcamp class because she missed the final exam on the day that it was issued. On this day, Plaintiff was sick, and Plaintiff asked if she could take the exam when she returned to work the following week.

48.     This request was denied, and Plaintiff was told she would have to take the class all over again for a 3rd time, despite the fact that Plaintiff had passed all quizzes and completed all tasks in the class.

49.     On or about August 15, 2019, Plaintiff was issued discipline by Keith Porting and Scott King for "disrupting the workplace" and for "looking for a discrimination charge."

50.     Also in this meeting, Plaintiff was told by Scott King and Keith Porting that her being called a "bitch", "liar", and "crazy" by her co-workers was her fault.

51.     On or about October 8, 2019, Plaintiff was given a disciplinary reprimand by Keith Porting and Rebecca Culleton for allegedly rolling her eyes, sighing and acting agitated. During this same meeting, Plaintiff was directed to finish all outstanding apprenticeship work,

7

even though she and her co-workers were told at the beginning of the program to spread out completion of their work tasks.

52.    After this meeting, Plaintiff looked at the completion progress of the other apprentices in her program. Her research revealed that all of the other apprentices, who were substantially younger and had not made complaints of discrimination, harassment, retaliation and/or hostile work environment, had not completed their training tasks either.

53.    Plaintiff was being singularly assigned unreasonable tasks, i.e. her substantially younger co-workers were not being treated in the same manner.

54.    On or about December 2, 2019, while sitting at her desk, Plaintiff was approached by a project manager named Maggie. Maggie told Plaintiff that she overheard a table of younger apprentices sitting in the break room talking about how "old" people are invading the apprentice program. Plaintiff reported this behavior to Keith Porting on December 4, 2019.

55.    On December 4, 2019, Plaintiff was approached by Keith Porting and told to hand over her computer and badge, and told to clean out her desk, and that she was being terminated.

56.    Just moments prior, Plaintiff had checked the system to see how far her co-workers had progressed on their apprentice program tasks. All of them had outstanding tasks, but Plaintiff was the only one that was fired.

57.    Plaintiff was treated differentially than her younger co-workers, based on her age, and in retaliation for her engagement in the protected activity of reporting discrimination, harassment and a hostile work environment to human resources and/or members of management.

58.    Plaintiff has repeatedly been denied the benefit and condition of employment of workplace training that younger employees received.

59. Upon information and belief, Plaintiff's similarly situated younger co-workers have been provided training and guidance, where Plaintiff has not been offered such similar or same opportunities.

60. Being denied this training made it more difficult for Plaintiff to perform her job duties and responsibilities.

61. Upon information and belief, Plaintiff has been denied this training opportunities in retaliation for her complaints/grievances, and based on her age.

## COUNT I
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE MHRA

62. Plaintiff incorporates by reference all paragraphs of this Petition as if set forth fully herein.

63. Plaintiff, being fifty-six (56) years of age, is a member of a protected class within the meaning of the Missouri Human Rights Act ("MHRA").

64. Plaintiff's age, motivated Defendant's decisions to harass, discriminate against, and/or treat Plaintiff differently than her younger co-workers as alleged herein.

65. Plaintiff, being fifty-three (53) years of age, is a member of a protected class within the meaning of the MHRA.

66. Defendant illegally discriminated against Plaintiff on the basis of age by at least:

    a.     Bullying, threatening, and/or cursing at Plaintiff;

    b.     Falsely accusing Plaintiff of spreading workplace rumors;

    c.     Physically shoving Plaintiff;

    d.     Physically threatening Plaintiff;

    e.     Hovering over Plaintiff in an intimidating, threating, hostile, and/or

9

menacing manner;

f.      Calling Plaintiff a "liar", a "bitch" and "crazy";

g.      targeting Plaintiff by telling her stop asking questions in her training Bootcamps;

h.      forcing Plaintiff to retake a specific Bootcamp 3 different times, and then not allowing her take the final test;

i.      evaluating the performance of Plaintiff with a different scale/measuring stick than was used on her younger, similarly situated co-workers.

j.      Unfairly measuring/reviewing Plaintiff's progress and/or capabilities/abilities in the apprenticeship program;

k.      Ignoring and/or refusing to investigate Plaintiff's complaints of workplace discrimination, harassment, retaliation and/or hostile work environment;

l.      Denying Plaintiff a raise where her similarly situated, younger co-workers were given a raise;

m.      Refusing to interact with and/or speak to Plaintiff in the workplace;

n.      Assigning Plaintiff extra tasks and work duties/work load that her similarly situated, younger co-workers were not assigned and;

o.      Unfarily disciplining Plaintiff for disrupting the workplace by making complaints of discrimination to human resources; and,

p.      Terminating Plaintiff.

67.      Defendant knew or should have known of the harassment, discrimination, and/or that Plaintiff was being treated differently than her co-workers

because of Plaintiff's age as alleged herein.

68.     After Defendant knew or should have known of the discrimination, harassment, and/or that Plaintiff was being treated differently than her co-workers, Defendant failed to adequately investigate, respond to, correct, and/or implement prompt and effective remedial action regarding the harassment, discrimination, or different treatment to which Plaintiff was subjected.

69.     Defendant's actions and/or inactions as alleged herein constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

70.     Defendant's actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of employment.

71.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits' a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

72.     Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

73.     Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

74.     Any cap or limitation on Plaintiff's damages that may be imposed by RSMO § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const. art. II § 1l; the right to equal protection, Mo. Const. art. I, § 2; the prohibition on special legislation, Mo. Const., art III, § 40; and the right to due process. Mo. Const. art. § 10.

WHEREFORE, Plaintiff requests that the Court grant her, pursuant to a verdict by a jury, Judgment against Defendants in an amount that is fair and reasonable, along with punitive damages, and for her costs and attorneys' fees, and for such other relief as the Court deems just and proper. In addition, Plaintiff asks the Court to:

a.  Enter Judgment pursuant to a jury verdict that the acts and practices of the Defendants complained of by Plaintiff herein are violations of § 213.010 et seq., RSMo (2016); and,

b.  Pursuant to a jury verdict, award Plaintiff compensatory damages for garden-variety emotional pain and suffering, and other actual damages, and award Plaintiff punitive damages as awarded by the jury; and

c.  Award Plaintiff the costs of this action, including the fees and costs of any experts, along with reasonable attorneys' fees; and,

d.  Award Plaintiff interest on any such amounts of monies awarded herein.


## COUNT II
## ILLEGAL RETALIATION IN VIOLATION OF THE MHRA

75.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

76. During her employment, Plaintiff complaint to Defendant and objected to and opposed the discrimination, harassment and hostile work environment perpetrated on her by complaining to Defendant concerning the unfair, retaliatory, hostile and discriminatory treatment that she was experiencing in Defendant's workplace, as well as participated in an investigation as a witness, thereby engaging in protected activity under the MHRA.

77. Following Plaintiff's complaints of discrimination, Plaintiff was denied a raise, issued unfair disciplinary reprimands for "disrupting the workplace", denied training, required to re-take Bootcamp, was falsely accused of spreading workplace rumors, was ignored when she reported discrimination, harassment and/or a hostile work environment, and ultimately terminated.

78. Defendant failed to take prompt and effective remedial action with regard to Plaintiff's complaints.

79. Defendant's conduct constitutes intentional discrimination and retaliation on the basis of Plaintiff's age, and in retaliation for her complaints of discrimination/hostile work environment/retaliation with malice and reckless disregard for Plaintiff's rights.

80. Defendant's conduct, as set forth above and herein, constitutes an intentional pattern and practice of retaliation based on reports of age discrimination, as well as hostile work environment, all in violation of the MHRA.

81. As a direct and proximate result of Defendant's unlawful acts of retaliation, Plaintiff has suffered damages, including, but not limited to, economic damages in the form of lost wages and benefits, future wages and lost earnings, and garden variety emotional distress damages.

82. Any cap or limitation on Plaintiff's damages that may be imposed by

RSMo. § 213.111.4 (2017) is unconstitutional in that it violations Plaintiff's right to a trial by jury, Mo. Const. art I. § 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2; the prohibition on special litigation, Mo. Const. art III, § 40; and the right to due process.

WHEREFORE, Plaintiff prays for judgment against Defendant, in an amount that is fair and reasonable, for actual damages, compensatory and punitive damages, all costs, expenses, and attorney's fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III
## HOSTILE WORK ENVIORNMENT IN VIOLATION OF THE MHRA

83.    Plaintiff incorporates by reference all paragraphs of this Petition as if set forth fully herein.

84.    Plaintiff, a female over the age of 40 years, is a member of multiple protected groups within the meaning of the MHRA.

85.    Plaintiff was subjected to unwelcome harassment based on Plaintiff's sex, and/or age as described herein.

86.    Plaintiff's age , and/or complaints of discrimination contributed to the harassment and/or discrimination alleged herein.

87.    Defendant subjected Plaintiff to retaliation on a continuous and/or ongoing basis once Plaintiff made complaints to Defendant concerning discrimination.

88.    Defendant subjected Plaintiff to the harassment and/or discrimination on a continuous and/or ongoing basis.

89.     The harassment, discrimination, and/or retaliation to which Plaintiff was subjected affected the terms, conditions, and or privileges of Plaintiff's employment.

90.     The discrimination, harassment, and/or retaliation to which Plaintiff was subjected created a hostile work environment.

91.     The discrimination, harassment, and/or retaliation to which Plaintiff was subjected created a hostile work environment.

92.     Defendant knew or should have known of the harassment and/or hostile work environment to which Plaintiff was subjected.

93.     Defendant failed to implement prompt and effective remedial action when they knew or should have known of the harassment and/or hostile work environment.

94.     Defendant's actions and/or inactions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, MO. REV. STAT. § 213.055.

95.     Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

96.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

97.     Defendant's conduct was intentional, malicious, and/or outrageous and

15

evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

98. Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

99.. Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violations Plaintiff's right to a trial by jury, Mo. Const. art I. § 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2; the prohibition on special litigation, Mo. Const. art III, § 40; and the right to due process.

**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.,* (2016); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position she would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on issues herein.

Dated: November 23, 2020

Respectfully Submitted,

The Rutter Law Firm, LLC

*/s/ Rachel C. Rutter*
Rachel C. Rutter, MO #69313
201 SE 1st Street
Lee's Summit, MO 64063
(816) 337-0684
Rutter.c.rachel@gmail.com
ATTORNEY FOR PLAINTIFF

**17**